UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BURSTON,

       Plaintiff,

                                                                                             Case Number 11-13538

v.                                                                                Honorable David M. Lawson

GARDEN CITY HOSPITAL, MIDWEST MEDICAL
CENTER, MIDWEST HEALTH CENTER, PC, and
ELIE KHOURY,

       Defendants.

_____/

**ORDER DENYING MOTIONS FOR AFFIRMATIVE RELIEF**

On January 10, 2012, the plaintiff filed two documents styled "Plaintiff's motion in opposition to defendant Garden City Hospital's motion to dismiss" and "Plaintiff's motion in opposition to defendants' Elie Khoury, M.D., Midwest Medical Center, P.C., and Midwest Health Center, P.C. motion to dismiss," which the Clerk of the Court docketed as responses to the defendants' earlier motions to dismiss. Despite their titles, it appears that the plaintiff's filings are indeed responses to the defendants' motions. However, the Court already granted the defendants' motions and dismissed the case without prejudice for lack of subject matter jurisdiction because the parties lack diversity of citizenship.

The plaintiff contends that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because he is a citizen of the State of Alabama. The plaintiff has never lived in Alabama, but he alleges that he plans to relocate there after completion of his prison sentence. However, the mere intent to move to a different state is insufficient to establish citizenship. As explained in the Court's earlier order granting the defendants' motion to dismiss, to establish citizenship for the purposes of diversity jurisdiction an individual must show that a particular state is his domicile.

*Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel*, 477 F.2d at 1120 (citing *Gilbert v. David*, 235 U.S. 561, 569-70 (1915)). The plaintiff cannot become a domiciliary of Alabama until he is physically present.

Alternatively, the plaintiff reasserts his Ohio citizenship based on the fact that he was required to indicate that he was a resident of Ohio in the 2010 census. The Constitution requires a decennial census "for the purpose of apportioning Representatives to Congress, 'in such manner as they [the Congress] shall by law direct.'" *District of Columbia v. U.S. Dep't of Commerce*, 789 F. Supp. 1179, 1180 (D.D.C. 1992) (quoting U.S. Const. Art. 1, § 2, cl. 3). Congress delegated its authority to conduct the census to the Secretary of Commerce, 13 U.S.C. § 5, and the Secretary of Commerce is authorized to delegate his authority to the Bureau of the Census, 13 U.S.C. § 4. "The United States Census Bureau counts inmates of correctional institutions as residents of the institution, and notes the 'usual residence' at which it counts people 'is not necesssarily the same as the person's voting residence or legal residence.'" *Hayden v. Pataki*, 449 F.3d 305, 329 n.25 (2d Cir. 2006) (quoting U.S. Census Bureau, *Plans and Rules for Taking the Census*, at §§ 2, 11). The plaintiff's completion of the 2010 census forms shows that he is merely a resident of Ohio, not a citizen. Instead, his citizenship is in Michigan. Therefore, he cannot establish diversity of citizenship. *Stifel*, 477 F.2d at 1120 (noting difference between residence and domicile).

To the extent that the plaintiff's responses seek affirmative relief, the Court finds no reason to change its earlier ruling or to grant any affirmative relief. Although the Court dismissed the

plaintiff's complaint, it expresses no opinion as to the merits of the plaintiff's claims. He remains free to bring those and any other claims in the appropriate state court.

Accordingly, it is **ORDERED** that plaintiff's responses [dkts. #31, 32], to the extent that they seek affirmative relief, are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 13, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL